be executed within five days befoie said return day, it shall be good to require the appearance of the party at the next term after that to which it is returnable."

Section 3043 provides, that the scire facias may issue returnable to the next term of such court as in *other cases,* referring of course to the requirements of section 1525, that theory is sustained in the case of Curry *v.* The State, above cited.

The record shows that the service was had but *three* days before return day, and a judgment final was rendered on the 18th day of September, which was the second day of the court, and only *four* days after service.

Brief for the State is not found in the record.

CHALMERS, J., delivered the opinion of the court.

The writ of scire facias was served less than five days before the first day of the term to which it was returnable. It was, therefore, error to take judgment by default at that term.

The scire facias did not follow literally the recitals of the recognizance as it should have done, but as it is amendable this can be remedied on the return of the case to the Circuit Court. Tucker v. State, 55 Miss. 453.

Reversed and remanded.

---

### J. R. NUSOM *v.* THE STATE.

**Criminal Law — Jurisdiction of Courts.**

> The Circuit Court of one county has no jurisdiction to try a case when it is shown that the offense was committed in another county.[1]

Appellant, J. R. Nusom, was indicted in the Circuit Court of Claiborne county for grand larceny. He was tried at the Novem-

---

[1]
The offense must be proven to have been committed in the county in which the indictment was found, or the court will have no jurisdiction, and if the bill of exceptions certify that it contains all the evidence, and there be no proof of venue in it, the verdict will be set aside, though no objection was made on that point in the court below. Vaughan's Case, 3 S. & M. 553; Coon's Case, 13 S. & M. 246.

ber, 1883, term of the Circuit Court of that county and convicted and sentenced to the penitentiary. The evidence for the State showed that the acts constituting the offense charged were committed in Jefferson county. His motion for a new trial was overruled and he appeals.

Venue may be proved by circumstances and reference to localities familiar to the jury. Rigg's Case, 30 Miss. 635.

If a party be convicted of an offense, without proof of the fact that it was committed in the county in which the venue is laid, the verdict and judgment will be void. This proof is essential. Green's Case, 1 Cush. 509.

Venue must be proven as laid down in the affidavit or indictment, and where the record, on appeal, fails to show that the offense was committed in the county where alleged judgment of conviction will be reversed. Thompson *v.* State, 51 Miss. 353.

Venue is part of the offense and must be proved. If the evidence raises a violent presumption that the offense was committed in the county of the trial, the venue is sufficiently shown. But where the evidence shows that accused stole cattle in one county and was seen in the county near the line, driving the cattle toward his home in an adjoining county, but they were never seen therein, and when he entered the town in which he lived he had no cattle, there is not sufficient proof of venue to warrant a conviction in the last mentioned county. Moore *v.* State, 55 Miss. 432.

Where an offense was committed in one county, and before any prosecution is begun a new county is formed, including that portion of the county wherein the offense was committed, the Circuit Court of the new county has jurisdiction to try the offense. Murrah *v.* State, 51 Miss. 675.

Where a county is divided into two judicial districts, a conviction of murder must be in the district in which the offense was committed; otherwise it will be reversed for want of jurisdiction. Spivey *v.* State, 58 Miss. 858.

Where an indictment for murder charges that the crime was committed in the county in which it was preferred, evidence that the death occurred in another county is admissible, if the fatal blow was struck in the county in which the indictment was found, under Code 1892, § 1335, providing that where the fatal blow is struck in one county and death occurs in another the offender may be tried and indicted in either county. Coleman *v.* State, 83 Miss. 290, 35 So. 937.

If one accused of murder be indicted in the county where the death occurred, he cannot afterward be indicted in another county where the fatal blow was struck, although the first indictment be dismissed by the state, since Code 1892, § 1334, provides in such case, that the jurisdiction shall be in either county where the prosecution shall first be begun. Coleman *v.* State, *supra.*

In such case the fact that there is no contest between the courts of the two counties does not deprive the defendant of the right to object to the jurisdiction of the court of the county where the prosecution was not first begun. Coleman *v.* State, *supra.*

APPEALED from Circuit Court, Claiborne county, J. B. CHRISMAN, Judge.

Reversed and remanded, April 5, 1884.

*Attorneys for appellant, Martin & McLaurin.*

*Attorney for State, T. C. Catchings, Attorney-General.*

Brief of Martin & McLaurin:

Appellant's first assignment of error is: "Because the State failed to show that the alleged taking and sale of said yearling was in the jurisdiction of the Claiborne Circuit Court."

The evidence shows that the whole transaction respecting the sale and delivery of said yearling occurred in the county of Jefferson. There is no doubt about the county in which the alleged offense was committed.

This being the case the Circuit Court of Claiborne county was without jurisdiction. Any judgment of the court was erroneous, null, and void. The first assignment, then, is fully sustained, and the judgment of the court ought to be reversed and Nusom discharged. Rev. Code, 1880, § 2991.

The discussion of assignment number one settles the case without further consideration of the assignments of error.   *   *   *

Brief of T. C. Catchings, Attorney-General:

As to the venue, the most that can be said, is that the testimony leaves it doubtful whether the larceny was committed in Claiborne or Jefferson county. That the sale took place in the latter county is true, but it does not follow from this that the larceny was committed there.

The testimony shows that the yearling was raised in Claiborne county, and that after being carried to Jefferson county it strayed back to the old range in Claiborne, which was about a mile from Nusom's house.

Under section 2991 of the Code the venue is, therefore, sufficiently established.

Opinion.— PER CURIAM:

Because it plainly appears that the offense of the appellant, if any, was committed in Jefferson county and not in Claiborne, we reverse the judgment, and remand the case for a new trial.